Strafford, }
June, 1897. }

### FELKER *v.* MOWRY & *a.*

Where the purchaser of an equity of redemption at an execution sale has paid the mortgage debt and taken a quitclaim deed of the premises from the mortgagee, the transaction will operate as an assignment of the mortgage if justice requires it.

A mortgagor who, through misapprehension and mistake, has acted upon a belief that the time for redemption had been extended, may be permitted to redeem after a foreclosure when no other rights have intervened.

BILL IN EQUITY, to redeem. Facts agreed. November 16, 1895, the right in equity of F. M. and C. B. Wentworth to redeem certain lands in Dover from a mortgage held by the Cocheco Savings Bank, one of the defendants, was sold on execution, and the purchaser afterward conveyed the same to the defendant Mowry. The bank was at that time in possession for the purpose of foreclosure, and the time of redemption expired May 3, 1896. April 29, 1896, the Wentworths filed a bill in equity against the bank and Mowry, praying for the appointment of a receiver and an extension of time for redeeming from the mortgage. A hearing was had upon the bill before a justice of the supreme court May 1, 1896, at which both the bank and Mowry were present or represented. The justice hearing the petition granted on May 2, 1896, a preliminary injunction against Mowry, restraining him from making transfer of his interest in said lands, and at the same time sent to counsel for the parties the following memorandum: "No occasion to extend year of redemption from bank mortgage. See P. S., c. 33, s. 26. Question of receivership can be determined upon final hearing in suit. The injunction issued will hold title to property in present shape. May 2, 1896." The Wentworths understood that Mowry would redeem from the mortgage, and that they could redeem from the mortgage and the sale of the equity at any time on or before November 16, 1896. This understanding of the Wentworths was derived from the memorandum given above, and neither that nor their understanding that Mowry would redeem was induced by anything said or done by the bank or by Mowry, except their silence.

At a meeting of the bank's investment committee, May 4, 1896, it was voted to release to Mowry the bank's interest in the premises, and on the same day the bank conveyed the premises to Mowry by an ordinary quitclaim deed, containing, after the description of the premises, the following clause: " "This release is given by reason of redemption on the part of said Mowry, he having purchased the equity."

At the September term, 1896, the Wentworths' bill was dismissed on the ground, among others, that the mortgage was foreclosed and that they had no interest in the property. November 16, 1896, they conveyed their interest to the plaintiff, who, on the same day, tendered the amount due under the mortgage and the sale of the equity to an agent of Mowry.

*William T. Gunnison, James Ryan, Jr.,* and *John S. H. Frink,* for the plaintiff.

*John Kivel* and *William F. Nason,* for the defendant Mowry.

BLODGETT, J. The justice of the case manifestly requires that the conveyance by the bank to the defendant Mowry of its interest in the mortgaged premises should, as between him and the plaintiff, be treated as a redemption of the mortgage by Mowry for the purpose of protecting and preserving the interest previously acquired by him through the execution sale; and, in addition, the agreed facts sufficiently show that such was the understanding and intention of the defendants themselves at the time the conveyance was made. No reason has been given, and we think none can be, why this understanding and intention may not properly be effectuated, for " equity will give effect to the real intentions of the parties, as gathered from the objects of the instrument and the circumstances of the case, although the instrument may be drawn up in a very inartificial and untechnical manner " (1 Sto. Eq. Jur., s. 168) ; and payment of a mortgage debt by one having an interest to protect, although accompanied by a release from the mortgagee, will operate as an assignment and not as an extinguishment of the mortgage, whenever justice requires it. *Bacon* v. *Goodnow,* 59 N. H. 415, 417; *Fletcher* v. *Chamberlin,* 61 N. H. 438, 468, and authorities cited.

But the plaintiff is likewise entitled to relief upon the ground of misapprehension and mistake. It is self-evident from the memorandum order that the court intended to preserve, and supposed he had preserved, to the plaintiff's grantors, the right to redeem as against the bank mortgage until the expiration of the time of redemption from the execution sale; and not only did the grantors so understand, but the evidence afforded by the wording of the vote under which the conveyance was subsequently made, the qualifying clause in the conveyance itself, and the other admitted facts, makes it reasonably certain, in view of the situation then existing, that the defendants had the same understanding.

Under these circumstances it would be marked injustice to permit Mowry to retain the benefit of undue advantage by

means of the conveyance, and especially when no rights or interests have intervened so that it is not now entirely practicable to do exact justice by all parties and place them in the same position they would have been in if the mortgage had been formally assigned to him. To deny relief in such a case would be contrary to the fundamental principles of equity jurisprudence. And we are not aware of any rule that excludes it; for while the maxim, *Ignorantia legis neminem excusat,* is equally as much respected in equity as in law (1 Sto. Eq. Jur., *s.* 111), and while it is a well established general rule that mere naked mistakes of law are not remediable in equity (1 Sto. Eq. Jur., *s.* 138; *Hunt* v. *Rousmaniere,* 1 Pet. 1, 15 ; *Bank of U. S.* v. *Daniel,* 12 Pet. 32, 55, 56), it is equally well established that the rule is not absolute and inflexible in its operation, and does not apply in cases where the result of denying relief will be to give the other party an unconscionable advantage and the fact of such misapprehension is admitted or clearly proved, nor in cases of imposition, misplaced confidence, or surprise, unless the plaintiff has been grossly negligent, or other rights have intervened, and the parties cannot be placed *in statu quo.* 1 Sto. Eq. Jur., *ss.* 137, 138, 138 *c,* 138 *f,* 138 *i.*

Substantially the same general principle obtains and the same rules apply when the mistake is one of fact (*Ib., s.* 138), which " is ordinarily said to take place, either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist." *Hurd* v. *Hall,* 12 Wis. 112, 125, *per Dixon,* C. J.; Kerr Fr. 406.

For aught that appears, the plaintiff is entitled to redeem.

*Case discharged.*

CARPENTER, C. J., and CLARK and PIKE, JJ., did not sit: the others concurred.